UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:10-cr-10-T-33AEP

AARON CAINION
_____/

### ORDER

This matter is before the Court pursuant to the Government's Motion for Revocation of Conditional Order of Release (the "Motion" Doc. # 12) and Defendant's Response in Opposition to the Motion (Doc. # 14), both filed on February 5, 2010. This Court held an evidentiary hearing on this matter on February 12, 2010. For the reasons that follow and for the reasons stated at the hearing, the Court will grant the Motion.

**I.  Background**

Defendant is charged via indictment with possession, with intent to distribute, 500 grams or more of cocaine (Count One), possession of firearm in furtherance of a drug trafficking crime (Count Two), and felon in possession of a firearm (Count Three). (Doc. # 1). Defendant had his first appearance before the Honorable Thomas B. McCoun, III, United States Magistrate Judge, on January 25, 2010. (Doc. # 3). Judge McCoun held a bond hearing on January 29, 2010. (Doc. # 8). The Government opposed bond, arguing, among other things,

that (1) Defendant is facing a 15 year mandatory minimum; (2) Defendant is a career offender; (3) Defendant is "looking at 30 to life under the guidelines;" (4) there was a high speed chase (over 100 miles per hour) on the Howard Franklin Bridge with the Hillsborough County Sheriff's Office; (5) Defendant is a risk of flight; (6) the police had to crash into his car to stop him, break his window, and then drag Defendant out of the car; and (7) when the police got Defendant out of the car, they found 800 grams cocain, thousands of dollars in cash, and a loaded gun. (Transcript, Doc. # 18 at 3-4).

Judge McCoun entered a Conditional Order of Release on February 5, 2010. (Doc. # 10). Judge McCoun imposed special conditions of release on Defendant, such as appointing Defendant's brother as a third party custodian, ordering Defendant to abstain from illegal drugs, placement on electronic monitoring, and house arrest. (Doc. # 10).[1]

The Government seeks reconsideration of Judge McCoun's Conditional Order of Release, arguing that Defendant is a risk of flight and a danger to the community. In response to the

---

[1] As will be discussed in more detail below, Judge McCoun questioned Defendant's brothers concerning their criminal histories. Defendant's older brother, Bruce Cainion, did not provide truthful answers to Judge McCoun when Judge McCoun asked if he had ever been in trouble with the law. (Transcript, Doc. # 18 at 15-16).

Government's Motion, Defendant argues (1) that he did not know that it was a police car that was chasing him on the bridge, and that is why he engaged in a chase; (2) Defendant "fears violence" at the hands of law enforcement officials; (3) Defendant has substantial ties to the community (parents, grandparents, aunts, uncles, two minor children and one on the way); and (4) Defendant has never served time in prison.

## II. <u>Analysis</u>

To detain a defendant pending trial, the Government must show that the defendant fits one of the six circumstances listed in 18 U.S.C. §§ 3142(f)(1) and (f)(2). Section 3142(f)(1) authorizes the Government to seek detention in a case that involves: (1) crime of violence; (2) a maximum sentence of life or death; (3) a serious drug offense; (4) a recidivist charged with any offense and who has history of convictions for two or more crimes described in (1), (2), or (3).

Section 3142(f)(2) permits the Government or the judicial officer to move for detention if the defendant (5) presents a serious flight risk or (6) presents a serious risk that such person will obstruct justice or the judicial process (i.e., threaten witness or juror).

In <u>United States v. Quartermarine</u>, 913 F.2d 910 (11th

Cir. 1990), the Eleventh Circuit reversed a district court's order granting pretrial release. There, the defendant was charged with drug crimes. The Government presented copious evidence concerning the defendant's risk of flight (he had access to millions of dollars and foreign connections) and danger to the community and his own family (he repeatedly beat his wife and daughter). Nevertheless, the district court granted the defendant pretrial release.

In reversing the bond decision, the Eleventh Circuit explained that the Government's burden of proof in establishing risk of flight is a preponderance of the evidence, and the Government's burden of proof for dangerousness is clear and convincing evidence. The Eleventh Circuit determined that, as to defendant Quatermarine, the Government met these burdens, and that denial of bond was mandated.

18 U.S.C. § 3142(g) lists factors to consider when determining "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." These factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence and involves a narcotic drug;

4

> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including:
> (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest he was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)

During the hearing today before the undersigned District Judge, the parties addressed these factors. After hearing from both sides and after hearing the testimony of Kevin McCoy of the Tampa Police Department, I find that the Conditional Order of Release must be revoked. Defendant shall be detained pending trial because he is a risk of flight and a danger to the community. Defendant's claim that he did not know that the police were chasing him is not credible in light of the testimony of Officer McCoy. After Defendant's vehicle was disabled, he refused to exit such vehicle, and he had to be forced out of the vehicle. In short, Defendant has not demonstrated to the Court any respect for the law or the safety of the community.

Defendant's criminal history spans three pages. Although Defendant has not served serious time for his offenses, such offenses include, but certainly are not limited to, sale or delivery of a controlled substance, possession of a controlled substance, operation of a drug house, driving violations, and additional controlled substance-related crimes. The Government has filed a notice detailing some of his prior criminal history, and a detailed pre-trial service bail report is also in the Court's file. (Doc. # 17). Defendant's serious and relentless criminal conduct militates in favor of pretrial detention.

In addition, Defendant has four violations of probation ("VOP's") on his criminal record and one failure to appear ("FTA"). This is highly probative to Defendant's risk of flight.

Also, it is clear to this Court that Bruce Cainion, Defendant's brother, is not responsible enough to serve as Defendant's custodian. Bruce Cainion has a lengthy criminal history. His most recent arrest was on July 11, 2008, on felon in possession of a firearm charges. Judge McCoun stated on the record how impressed he was with Defendant's brother. It is now clear to this Court that Judge McCoun's decision that Defendant would be safe with his brothers was based on

incomplete information. If Judge McCoun were presented with the whole truth, this Court doubts that he would make the same decision today.

**III. Conclusion**

There are no conditions of release that would reasonably assure the appearance of Defendant and the safety of any other person and the community under 18 U.S.C. § 3142(g). Defendant is charged with narcotics and weapons crimes, to apprehend Defendant, law enforcement had to engage in a dangerous high-speed chase of Defendant where innocent citizens were put in harm's way, the evidence against Defendant appears to be substantial, Defendant has a significant criminal history, and has many violations of probation and at least one failure to appear.

Because probable cause exists to believe he committed an offense punishable by a prison term exceeding ten years, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the Defendant's appearance as required and the safety of the community. See 18 U.S.C. § 3142(e). There is a legal presumption that Defendant is a serious flight risk and danger to the community, and, after the benefit of multiple hearings, Defendant has not overcome that presumption.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. The Government's Motion for Revocation of Conditional Order of Release (Doc. # 12) is **GRANTED;**

2. United States Magistrate Judge Thomas B. McCoun, III's Conditional Order of Release (Doc. # 10) is **REVOKED;**

3. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

4. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

5. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of February 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record
United States Marshals Service
Pretrial Services