```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                    Case No.: 8:10-cr-10-T-33AEP

AARON CAINION
_____/

**ORDER**

This matter is before the Court pursuant to Cainion's Motion to Dismiss the Indictment for Lack of Subject Matter Jurisdiction (Doc. # 108), and the Government's Response (Doc. # 110), both filed on March 29, 2011.  For the reasons that follow, the motion is denied.

**Analysis**

On January 12, 2010, the grand jury returned an indictment charging that Cainion possessed, with intent to distribute, 500 grams or more of cocaine (count one), possessed a firearm in furtherance of a drug trafficking crime (count two), and was felon in possession of a firearm (count three). (Doc. # 1).  This case proceed to trial, and Cainion was found guilty as to the three counts of the indictment. (Doc. # 65).  Cainion's sentencing is set for April 25, 2011. (Doc. # 106).

Now arguing that this Court lacks subject matter jurisdiction, Cainion seeks dismissal of the indictment. Cainion devoted a majority of his motion to a discussion of

the Fourth, Fifth, and Sixth Amendments to the United States Constitution. However, he failed to assert a basis for dismissal of the indictment under these Amendments or other sources of controlling law.

Cainion generally contends that the Court should dismiss the indictment due to a lack of subject matter jurisdiction. However, it is axiomatic that this Court has subject matter jurisdiction because the indictment charges Cainion with violation of federal law (in this instance, violation of 21 U.S.C. § 841, 18 U.S.C. § 924, and 18 U.S.C. § 922). The Eleventh Circuit explained in <u>McCoy v. United States</u>, 266 F.3d 1245, 1252 (11th Cir. 2001), that "an indictment charging that a defendant violated a law of the United States gives the district court jurisdiction over the case and empowers it to rule on the sufficiency of the indictment." The court further noted, "Subject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231 . . . . That's the beginning and the end of the jurisdictional inquiry." <u>Id.</u> (Internal citations and quotation marks omitted).[1]

---

[1] 18 U.S.C. § 3231 states, "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

Cainion also asserts the unsuccessful argument that the Court lacks jurisdiction because Cainion was denied a preliminary hearing. This argument is unavailing because Cainion was charged by indictment. Rule 5.1(a) of the Federal Rules of Criminal Procedure provides that "a magistrate judge must conduct a preliminary hearing unless . . . (2) the defendant is indicted." Further, the Court has pronounced, "An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." Costello v. United States, 350 U.S. 359, 363 (1956).

Last, Cainion challenges the composition and secrecy of the grand jury: "If a defendant does not know a Grant [sic] Jury is investigating him, he doesn't have the opportunity to challenge the grant jury array, or individual grand jurors." (Doc. # 108 at 4). His arguments are not persuasive. The Court has decisively held: "An accused is not entitled to a hearing before a grand jury, nor to present evidence, nor to be represented by counsel; and a grand jury may act secretly-- a procedure normally abhorrent to due process." Hannah v. Larche, 363 U.S. 420, 499 (1960). In addition, a "presumption of regularity" applies to grand jury proceedings, Hamling v.

3

United States, 418 U.S. 87, 139 n.23 (1974), and Cainion has failed to demonstrate any irregularity or misconduct by the grand jury. In addition, he was convicted by the petit jury, which further demonstrates the meritless nature of his current contentions. As argued by the Government, "Cainion fails to articulate any supporting facts that would establish his claimed constitutional violations." (Doc. # 110 at 4).

Upon due consideration and for the reasons stated above, the Court declines to hold a hearing on the motion to dismiss the indictment and denies the motion to dismiss the indictment.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Cainion's Motion to Dismiss the Indictment for Lack of Subject Matter Jurisdiction (Doc. # 108) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>6th</u> day of April 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record

4