UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:10-cr-10-VMC-AEP

AARON CAINION

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Aaron Cainion's Motion Requesting Reduction in Sentence or Compassionate Release as Well as the Appointment of Counsel Pursuant to the First Step Act of 2018, filed on April 12, 2022. (Doc. # 194). The United States of America responded on April 26, 2022. (Doc. # 196). Mr. Cainion filed a reply and multiple subsequent filings which the Court construes as sur-replies. (Doc. ## 197, 199, 201, 202, 213, 218). For the reasons set forth below, the Motion is denied.

I.  **Background**

On April 25, 2011, Mr. Cainion was sentenced to a 320-month term of imprisonment for possession with intent to distribute 500 grams or more of cocaine, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm and ammunition by a convicted felon. (Doc. # 119). His sentence was later reduced by the Court to

1

a 248-month term of imprisonment pursuant to Amendment 782. (Doc. ## 178, 179). Mr. Cainion is 46 years old, and his projected release date is September 23, 2027.[1]

In his Motion, Mr. Cainion seeks compassionate release from prison under Section 3582(c)(1)(A). He argues that compassionate release is appropriate because he would be sentenced to five fewer years of incarceration if he were sentenced today based on changes to the statutory enhancements under 18 U.S.C. § 924. (Doc. # 194 at 1-2). He also notes his participation in educational programs while incarcerated and his re-entry plan as supporting compassionate release. (Id. at 3-4). The United States has responded (Doc. # 196), and Mr. Cainion has replied and filed multiple sur-replies. (Doc. ## 197, 199, 201, 202, 213, 218). The Motion is now ripe for review.

## II. Discussion

The United States argues first that the Motion should be denied because Mr. Cainion has not established an extraordinary and compelling reason for compassionate release. (Doc. # 196 at 4-7).

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually

long sentence." United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

In his Motion, Mr. Cainion's relies upon the "unusually long sentence" category of extraordinary and compelling circumstances, arguing that modifications to 18 U.S.C. § 924 by the First Step Act result in his sentence being disparately long. (Doc. # 194 at 5). If Mr. Cainion had been sentenced today, he insists that the enhancement which applied to his sentence because of his prior felony drug conviction would no longer apply, such that he would have faced a lesser statutory minimum. (Id. at 2). Thus, Mr. Cainion claims that if the Court were sentencing him today, the Court would sentence him to five fewer years of incarceration. (Id.).

The Court disagrees with Mr. Cainion's assumptions. The Court did not sentence Mr. Cainion to the statutory minimum at the time, instead sentencing Mr. Cainion to a sentence that was in the middle of his guideline range. (Doc. # 124 at 25:1-5). Thus, the Court finds no basis to conclude that a lower statutory minimum would have necessarily resulted in a lower sentence for Mr. Cainion.

Nevertheless, even if Mr. Cainion could establish that he would receive a lesser sentence today, and that this sentencing disparity constitutes an extraordinary and

4

compelling reason for release, compassionate release would not be warranted. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires, among other things, the imposition of a sentence that protects the public and reflects the seriousness of the crime.

The Court agrees with the United States that granting compassionate release to Mr. Cainion would pose a danger to public safety. (Doc. # 196 at 7). As noted by the government at sentencing, Mr. Cainion led law enforcement officers on a lengthy high-speed chase, eventually colliding with both a law enforcement vehicle and a civilian vehicle. (Doc. # 124 at 27:7-15). His actions endangered numerous law enforcement officers and civilians. (Id.). Furthermore, he did not accept responsibility for his crimes at the time (Id. at 38:4-41:19), nor does he now accept responsibility or show remorse in his Motion. (Doc. # 194). While the Court appreciates Mr. Cainion's participation in education programs, the Court does not believe that Mr. Cainion is fully rehabilitated. Thus, there is a need to protect the public from further crimes. Therefore, compassionate release must be denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Aaron Cainion's Motion Requesting Reduction in Sentence or Compassionate Release as Well as the Appointment of Counsel Pursuant to the First Step Act of 2018 (Doc. # 194) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of February, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE