UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:10-cr-00010-VMC-AEP

AARON CAINION
_____/

**ORDER**

This cause comes before the Court upon consideration of Defendant Aaron Cainion's pro se Motion for Reduction in Sentence or Compassionate Release Pursuant to the First Step Act of 2018 and New Amendment to USSG § 1B1.13 (Doc. # 205), filed on November 2, 2023. The United States of America responded on November 24, 2023. (Doc. # 208). Mr. Cainion filed a reply on December 20, 2023. (Doc. # 209). For the reasons set forth below, the Motion is denied.

**I.  Background**

On April 25, 2011, Mr. Cainion was sentenced to a 320-month term of imprisonment for possession with intent to distribute 500 grams or more of cocaine, possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm and ammunition by a convicted felon. (Doc. # 119). His sentence was later reduced by the Court to a 248-month term of imprisonment pursuant to Amendment 782.

1

(Doc. ## 178, 179). Mr. Cainion is 46 years old, and his projected release date is September 23, 2027. See FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited May 29, 2025).

Mr. Cainion first moved for compassionate release on April 12, 2022, arguing that his sentence was unusually long. (Doc. # 194). The Court denied his motion on February 3, 2025, finding that Mr. Cainion had not established that he would receive a lesser sentence today and that the Section 3553(a) factors weighed against release. (Doc. # 221).

Mr. Cainion again seeks compassionate release from prison under Section 3582(c)(1)(A). (Doc. # 205). As with his previous motion, he argues that compassionate release is warranted because he would be sentenced to five fewer years of incarceration if he were sentenced today due to changes to the statutory enhancements under 18 U.S.C. § 924. (Id. at 1-2). The United States has responded (Doc. # 208), and Mr. Cainion has replied. (Doc. # 209). The Motion is now ripe for review.

## II. Discussion

The United States argues that the Motion should be denied because Mr. Cainion has not established an extraordinary and compelling reason for compassionate release, Mr. Cainion is

a danger to the community, and the Section 3553(a) factors weigh against a sentence reduction. (Doc. # 208).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other

3

reasons,' and (6) whether the defendant received an unusually long sentence." <u>United States v. Allen</u>, No. 1:09-cr-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

In the Motion, Mr. Cainion relies on the "unusually long sentence" category of extraordinary and compelling circumstances, contending that his sentence is disparately long following modifications to 18 U.S.C. § 924 by the First Step Act. (Doc. # 205 at 2-3). However, the Court has previously found that there is "no basis to conclude that a lower statutory minimum would have necessarily resulted in a lower sentence for Mr. Cainion." (Doc. # 221 at 4). That conclusion remains unchanged, as Mr. Cainion has not provided any basis for finding otherwise.

Additionally, even if Mr. Cainion could establish that his sentence is unusually long and that it constitutes an extraordinary and compelling reason for release, the Court reaffirms its prior finding that compassionate release is not warranted here. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, USSG § 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that, among other things, protects the public, reflects the

4

seriousness of the crime, considers the history and characteristics of the defendant, and the nature and circumstances of the offense. 18 U.S.C. § 3553(a).

Mr. Cainion's conduct posed a significant risk to public safety. Again, he endangered the lives of law enforcement and innocent civilians during a high-speed chase and has yet to accept responsibility or show remorse for his actions in the instant Motion. (Doc. # 208 at 23; Doc. # 221 at 5). The Court acknowledges that Mr. Cainion has taken meaningful strides towards rehabilitation while in prison, such as obtaining his GED and becoming a course facilitator for others. However, while commendable, his rehabilitative efforts do not outweigh the severity and dangerous nature of his conduct. The Court thus finds that the nature of Mr. Cainion's offense warrants the imposition of this sentence, and that the need to protect the public, promote respect for the law, and deter future crimes weigh against release.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Aaron Cainion's pro se Motion for Reduction in Sentence or Compassionate Release Pursuant to the First Step Act of 2018 and New Amendment to USSG § 1B1.13 (Doc. # 205) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of May, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE